IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STMICROELECTRONICS, INC., § | |
| § | |
| Movant § | MISC. ACTION NO. 3:15-mc-00129-B |
| § | |
| v. § | Related Case No. 3:15-mc-00095-D-BF |
| § | |
| SAMSUNG ELECTRONICS CO., LTD., ET § | |
| AL. § | |
| § | |
| Respondents § | |
| § | |

## MOTION TO SEAL

Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively "Samsung") file this Motion to Seal STMicroelectronics, Inc. ("ST")'s Motion for Protective Order filed on November 23, 2015 in the Northern District of Texas.

### I.   SUMMARY OF MOTION

ST filed a Motion for Protective Order on November 23, 2015 in this district (Case No. 3:15-MC-00129-B).  In support of its motion, ST also filed a Memorandum of Law and an Appendix of Exhibits.  (Dkts. 2, 2-1).  ST's Memorandum and Appendix contain Samsung's confidential, proprietary and sensitive business information, as well as other information that other parties including ST itself has designated as highly confidential subject to an issued protective order.  Samsung seeks to protect this confidential information from public disclosure by requesting the Court to seal ST's Motion for Protection and accompanying exhibits.

### II.   BASIS FOR THE MOTION

On September 22, 2014, Plaintiff Parthenon Unified Memory Architecture ("Plaintiff" or "PUMA") brought a patent infringement lawsuit against Samsung in the Eastern District of

1

Texas styled *Parthenon Unified Memory Architecture, LLC v. Samsung et al.*, Case No. 2:14-C-00902-JRG-RSP ("Underlying Litigation"). On April 9, 2015, the Court issued a Protective Order to limit the production and disclosures of "trade secrets, confidential business information or other proprietary information" produced during discovery in the case. A third party may elect to produce information subject to the Protective Order's restrictions if the third party agrees to be bound by the Protective Order.

On October 6, 2015, Samsung served on ST, a third party to the Underlying Litigation, Subpoenas to Produce Documents and Testify at Deposition along with a copy of the Protective Order governing the disclosures and production of the information requested. On October 19, 2015, ST responded to the Subpoenas with objections. Samsung and ST met and conferred for weeks about the scope of the requests for information sought until ST filed its Motion for Protective Order on November 23, 2015. The accompanying documents in support of the Motion included a Memorandum of Law, and an Appendix including Exhibit A (Reconsolidation Order, Case No. 2:14-CV-690-RSP of Feb. 13, 2015), Exhibit B (Samsung's Subpoena to ST to Produce Documents), Exhibit C (Email from J. Herrell to G. Ortiz of Nov. 17, 2015) and Exhibit D (Email from G. Ortiz to J. Herrell of Nov. 19, 2015). As will be explained in Samsung's Response to ST's Motion, ST called Samsung's counsel early in the morning and left a voicemail letting Samsung know that ST was planning to file its motion, even though ST knew that Samsung's lead counsel was tied up in mediation. Despite this voicemail being the first time that ST informed Samsung about a potential motion, ST waited only fifteen (15) minutes before filing its motion.

In ST's rush to the courthouse, ST failed to take the appropriate steps to seal its Memorandum, despite discussing in length highly confidential information on business dealings

between ST and Samsung. This information was based on documents that ST had previously produced in the Underlying Litigation and had itself designated as "Restricted – Attorney's Eyes Only," pursuant to the Protective Order. Exhibits C and D of ST's Appendix also include highly confidential information on business dealings between ST and Acacia, the plaintiff's parent entity in the Underlying Litigation, including descriptions of terms, conditions, representations and warranties of a patent assignment agreement between the parties that were subject to a confidentiality provision of the agreement. This information was also based on documents that the plaintiff had previously produced in the Underlying Litigation and had designated as "Restricted – Attorney's Eyes Only" pursuant to the Protective Order.

### III.  ARGUMENT AND AUTHORITY

To determine whether to disclose or seal a judicial record, the Court must balance the public's common law right of access against the interests favoring non-disclosure. *See S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993). However, "when there is a compelling interest in secrecy . . . portions and in extreme cases the entirety of a trial records can be sealed." *See Prater v. Commerce Equities Mgmt. Co., Inc.*, No. H-07-2349, slip op., 2008 WL 5140045 at *9 (S.D. Texas Dec. 8, 2008) (citations omitted).

Samsung seeks to have sealed the portions of ST's Motion containing business information that is sensitive and highly confidential to Samsung, the plaintiff of the Underlying Litigation, and third parties Acacia and ST as well—namely, ST's Memorandum of Law and accompanying Exhibits C and D. These documents would have been designated "Restricted – Attorney's Eyes Only" and sealed in the Underlying Litigation, and should likewise not lose the protections of the governing Protective Order by ST's unauthorized disclosures to the public in this district. Moreover, the Memorandum and Exhibits C-D should further be sealed to the

extent that they include mental impressions, legal theories or opinions about Samsung's defenses that were conveyed by Samsung's counsel and are thus protected by attorney work product. The public's right to access to this information is outweighed by Samsung's obligations to take reasonable steps to maintain the confidentiality of its sensitive business information and information produced in the Underlying Litigation, which Samsung, the plaintiff and ST itself have previously designated as "Restricted – Attorney's Eyes Only."

## IV. CONCLUSION

To preclude any further improper disclosures of confidential information, Samsung respectfully requests that the Court seal ST's Memorandum of Law and Exhibits C-D in support of its Motion for Protective Order, pursuant to Local Rule 79.3.

Dated:  November 25, 2015

Respectfully submitted,

*/s/ Christopher W. Kennerly*
Christopher W. Kennerly
Texas Bar No. 00795077
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone:  (650) 320-1800
Facsimile:  (650) 320-1900
chriskennerly@paulhastings.com

Allan M. Soobert,
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, DC 20005
Telephone:  (202) 551-1700
Facsimile:  (202) 551-0222
allansoobert@paulhastings.com

COUNSEL FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing Motion to Seal has been forwarded via CM/ECF to all counsel of record on this 25th day of November, 2015.

>  /s/     *Christopher W. Kennerly*
>          Christopher W. Kennerly


**CERTIFICATE OF CONFERENCE**

I hereby certify that on Wednesday, November 25, 2015, Samsung's counsel attempted to reach ST's outside counsel on the phone and requested by multiple emails on November 24 and November 25, 2015 that ST agree to sealing ST's Motion for Protective Order.  ST did not agree and, thus, in accordance with Local Rule 7.1, the present motion is filed with the Court for a determination.

>  /s/     *Christopher W. Kennerly*
>          Christopher W. Kennerly